UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWANDA SHOALS,

    Plaintiff,

v.

MOLINA MEDICAL,

    Defendant.

No. 2:14-cv-2401-KJM-EFB PS

ORDER

    This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

    Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

1

*Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

2

of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff alleges that in July 2014, she called Molina Medical to make an appointment for her two grandchildren to be seen by a doctor. ECF No. 1 at 1. An appointment was scheduled for August 4, 2014. *Id*. However, before the appointment plaintiff received a call to notify her that a doctor was unable to see her grandchildren because the doctor was going on vacation. *Id*. When plaintiff asked if her grandchildren could be seen by another physician, but "the reply was no." *Id*. Plaintiff then made an appointment for October 6, 2014, but doctors refused to see plaintiff's grandchildren on that date because they believed that plaintiff did not have "the right to bring them in to be seen." *Id*. Consequently, one of her grandchildren had to be seen at an urgent care center even though he had Molina coverage. *Id*.

The complaint as drafted does not establish that this court has subject matter jurisdiction over plaintiff's claim(s). The complaint does not allege any specific causes of action. Nor is it clear how the facts alleged would support a federal claim for relief. Furthermore, the complaint does not allege diversity of the parties.

Therefore, the complaint will be dismissed. However, plaintiff is granted leave to file an amended complaint to attempt to allege a basis for this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which

1  defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts
2  that support each claim under each header.

3  Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to
4  make an amended complaint complete.  Local Rule 220 requires that an amended complaint be
5  complete in itself.  This is because, as a general rule, an amended complaint supersedes the
6  original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
7  plaintiff files an amended complaint, the original no longer serves any function in the case.
8  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
9  alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
10 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*
11 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to
12 comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order
13 may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

14  Accordingly, it is hereby ORDERED that:

15  1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted

16  2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

17  3. Plaintiff is granted thirty days from the date of service of this order to file an amended
18 complaint.  The amended complaint must bear the docket number assigned to this case and must
19 be labeled "First Amended Complaint."  Failure to timely file an amended complaint in
20 accordance with this order will result in a recommendation this action be dismissed.

21 DATED: April 14, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE